¹/,AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF **SERVICE** OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I <u>GABRIELLE BERTHELOT-LEVEN</u> acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>Adobe Systems Inc. v. Gabrielle Berthelot-Leven, et al.</u>
(CAPTION OF ACTION)

which is case number <u>C08-2434 SI</u> in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after

<u>July 23, 2008</u>
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

<u>gc .at:03</u>      _[signature]_
(DATE)                                  (SIGNATURE)

Printed/Typed Name: <u>GABRIELLE BERTHELOT-LEVEN</u>

As <u>        </u> of <u>        </u>
    (TITLE)         (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**PROOF OF SERVICE**

      I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

      On July 30, 2008, I served on the interested parties in this action with the:

WAIVER OF SERVICE OF SUMMONS

for the following civil action:

<u>Adobe Systems Incorporated v. Gabrielle Berthelot-Leven, et al.</u>

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Gabrielle Berthelot-Leven<br>7729 NW 116th Path<br>Medley, FL 33178 | |

Place of Mailing: Glendale, California
Executed on July 30, 2008, at Glendale, California

_____
Katrina Bartolome